UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

───────────────────

DOUG HARTER, individually and on
behalf of all others similarly situated,

        Plaintiffs,

  v.

GREEN BAY PACKAGING INC.,

        Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

Jesse L. Young (P72614)
KREIS ENDERLE HUDGINS & BORSOS PC
One Moorsbridge
P.O. Box 4010
Kalamazoo, MI 49003-4010
(tel.) 269.321.2311
jyoung@kehb.com

*Attorneys for Plaintiffs*

---

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Doug Harter, individually and on behalf of all others similarly situated, brings this collective action under the Fair Labor Standards Act against Defendant Green Bay Packaging Inc. and alleges as follows:

### NATURE OF THE CASE

1. This is a collective action under the Fair Labor Standards Act (FLSA) to recover compensation owed because of Defendant's failure to provide overtime pay to Harter and all others similarly situated who worked for Defendant.

2. Harter and all other similarly situated workers performed at least 10 to 30 minutes of work or more before the start of their shifts for which they were not compensated.

3. This resulted in a common policy of Defendant not paying Harter and all other similarly situated workers at a rate of 1.5 times their regular rate of pay for all the overtime hours they worked as required by the FLSA.

4. Because of Defendant's failure to pay overtime compensation, Harter and all other similarly situated workers have suffered damages that include, but are not limited to, lost wages, liquidated damages, attorney's fees, and litigation costs.

### PARTIES

5. Plaintiff Doug Harter is an individual who resides in Kalamazoo County.

6. Defendant Green Bay Packaging is a corporation organized under the laws of the State of Wisconsin. The corporation operates a manufacturing facility located in Kalamazoo County where workers produce cardboard boxes, cartons, and other materials.

7. Defendant is an employer under the FLSA. 29 U.S.C. § 203(d).

8. Approximately 150 employees work at Defendant's facility in Kalamazoo in pro-

duction roles where they operate machines used in the manufacturing process.

9. Harter worked for Defendant at its manufacturing facility in Kalamazoo from 2012 until June 2019 as a machine operator. Harter was an employee of Defendant within the meaning of the FLSA. 29 U.S.C. § 203(e) and (g).

## JURISDICTION AND VENUE

10. This action arises under the Fair Labor Standards Act. 29 U.S.C. §§ 201-262. The Court has original subject matter jurisdiction over the claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.

11. The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711, and 600.715. FED. R. CIV. P. 4(k)(1)(A).

12. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## FACTUAL ALLEGATIONS
## COMMON TO ALL CLAIMS

13. Harter repeats and incorporates all the previous allegations in his complaint.

14. Harter and all others similarly situated currently work (or worked) for Defendant as production employees during the past three years.

15. Harter and all other similarly situated workers performed production related jobs and operated machines used in the manufacturing process at Defendant's Kalamazoo facility.

16. Harter and all other similarly situated workers were scheduled to work 8 hour shifts, and at least 40 hours per week.

17. Harter and all other similarly situated workers are not exempt from overtime com-

pensation.

18.     Defendant paid Harter and all other similarly situated workers for their work with a base hourly wage and with a production incentive rate based on how much product they can produce during their shifts. The more product the worker produced, the more compensation they were able to earn.

19.     Because of Defendant's compensation practices, Harter and all other similarly situated workers routinely began their work for Defendant at least 10 to 30 minutes or more before the start of their scheduled shifts.

20.     During this time before the start of their scheduled shifts, Harter and all other similarly situated workers would perform work in connection with the principal activities of their jobs that was integral and indispensable to the performance of their work for Defendant.

21.     Harter and all other similarly situated workers performed various pre-shift work activities, including but not limited to:

(a)     Printing and reviewing written orders and specification sheets.

(b)     Checking and adjusting fluids and systems needed to operate the machine.

(c)     Readying tools and materials needed to operate the machine.

(d)     Measuring and checking quality of product produced on the previous shift to ensure that it matched the order and specifications.

(e)     Checking ink viscosity and ink colors against orders and specifications.

22.     Harter and all other similarly situated workers performed this pre-shift work after punching in to Defendant's timekeeping system.

23.     Defendant knew or should have known that Harter and all other similarly situated workers performed this pre-shift work before their scheduled shifts, but Defendant only paid

Harter and other similarly situated workers for the time they were scheduled to work—and not for the time they actually worked.

24. Because of this, Defendant suffered and permitted Harter and all other similarly situated workers to work more than 40 hours each workweek.

25. Defendant had a common policy of not paying Harter and all other similarly situated workers at a rate of 1.5 times their regular rate of pay for all the overtime hours they worked as required by the FLSA.

26. Defendant willfully operated under a common scheme to deprive Harter and others similarly situated workers of proper overtime compensation by paying them less than what the FLSA requires.

27. Defendant was or should have been aware that Harter and all other similarly situated workers performed work that required proper payment of overtime compensation.

28. Defendant knew or should have known that Harter and all other similarly situated workers worked overtime hours without receiving proper overtime pay because, among other reasons, Defendant required them to record and submit records of their work hours and Defendant's agents and representatives have observed Harter and other similarly situated workers performing pre-shift work.

29. Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Harter repeats and incorporates all the previous allegations in his complaint.

31. Harter brings this action individually and on behalf of all individuals similarly sit-

uated, specifically:

> All production employees employed by Defendant in Kalamazoo, Michigan who were eligible for production incentive pay at any time three years before the filing of this complaint until the date of final judgment in this matter (the proposed "FLSA Collective").

32. Harter consents in writing to assert his claims for unpaid wages under the FLSA in accordance with Title 29 of the United States Code, Section 216(b). Harter's signed consent form has been filed with the Court as Exhibit 1 to this complaint, along with another employee's consent form who has consented in writing to join as an opt-in plaintiff. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

33. Members of the proposed FLSA Collective are known to Defendant and are readily identifiable through Defendant's records.

34. Harter and the FLSA Collective are all victims of Defendant's widespread, repeated, systematic, and consistently illegal policies that have resulted in willful violations of their rights under the FLSA, which have caused significant damage to Harter and the FLSA Collective.

35. These individuals fear retaliation from Defendant and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
*(on behalf of Harter and the FLSA Collective)*

36. Harter repeats and incorporates all the previous allegations in his complaint.

37. Defendant is an "enterprise" as defined by the FLSA (29 U.S.C. § 203(r)(1)), and is engaged in commerce within the meaning of the FLSA. 29 U.S.C. § 203(b) and (s)(1).

38. The FLSA requires covered employers like Defendant to pay non-exempt employ-

ees like Harter and the FLSA Collective no less than 1.5 times their regular rate of pay for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207.

39. Harter and the FLSA Collective regularly worked more than 40 hours per week for Defendant, but Defendant did not properly compensate them for all of their overtime hours as required by the FLSA.

40. Defendant did not and has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Harter and the FLSA Collective.

41. Defendant knew Harter and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Harter and the FLSA Collective wages at the required overtime rates. 29 U.S.C. § 255.

42. Defendant's willful failure and refusal to pay Harter and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

43. As a direct and proximate result of these unlawful practices, Harter and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### JURY DEMAND

44. Harter and the FLSA Collective demand a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

### RELIEF REQUESTED

45. Plaintiff Doug Harter, individually and on behalf of the proposed FLSA Collective, requests that the Court provide the following relief:

(a) enter a finding that Harter and the FLSA Collective are similarly situated;

(b) certify this case as a collective action under the FLSA. 29 U.S.C. § 216(b);

(c) authorize the prompt issuance of notices to all those similarly situated, informing them of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

(d) enter a judgment against Defendant for an amount equal to Harter and the FLSA Collective's unpaid back wages at the applicable overtime rates;

(e) enter a finding that Defendant's violations of the FLSA were willful;

(f) award damages in an amount equal to Harter and the FLSA Collective's damages as liquidated damages;

(g) award all litigation costs and reasonable attorney's fees incurred in prosecuting this action;

(h) award all pre- and post-judgment interest;

(i) provide leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

(j) all further relief as the Court deems just and equitable.

DOUG HARTER, individually and on behalf of all others similarly situated

Dated:  September 11, 2019

By:  /s/  Mark S. Wilkinson

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

Jesse L. Young (P72614)
KREIS ENDERLE HUDGINS & BORSOS PC
One Moorsbridge
P.O. Box 4010
Kalamazoo, MI 49003-4010
(tel.) 269.321.2311
jyoung@kehb.com

*Attorneys for Plaintiffs*