UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DOUG HARTER,

           Plaintiff,

v.

GREEN BAY PACKAGING INC.,

           Defendant.
_____/

Case No. 1:19-cv-745

Honorable Hala Y. Jarbou

## **ORDER**

This is a collective action under the Fair Labor Standards Act (FLSA). Plaintiff Doug Harter, acting individually and on behalf of others similarly situated, claims that Defendant Green Bay Packaging Inc. failed to provide overtime pay to production employees working at Defendant's manufacturing facility in Kalamazoo, Michigan, over a three-year period. The FLSA requires covered employers to pay non-exempt employees 1.5 times their regular rate of pay for all hours worked in excess of 40 hours per week. 29 U.S.C. § 709.

On October 22, 2019, the Court conditionally certified this case as a collective action under 29 U.S.C. § 216(b). The Court's order defined the class as "All production employees employed by Defendant in Kalamazoo, Michigan who were eligible for incentive pay at any time in the past three (3) years." (ECF No. 12, PageID.102.) This is an "opt in" class, meaning that individuals must affirmatively choose to be members of the class; the resolution of claims by the class does not impact the rights of other individuals.

Plaintiff Doug Harter and 21 other employees of Defendant (collectively, "Plaintiffs") have agreed to settle their claims against Defendant. According to the parties' settlement agreement,

Defendant has agreed to pay a total of $128,731.33. (*See* Settlement and Release Agreement, ECF No. 35-1.) Of this amount, $78,731.33 will be split between Plaintiffs in proportion to their individual shares of alleged overtime damages. Half this amount represents unpaid overtime and the other half represents liquidated damages. (*Id.* at PageID.215.) In addition, Plaintiff Harter will receive $2,500.00 as a "service award." (*Id.* at PageID.208.) Plaintiffs' attorneys will receive the remaining amount, $47,500.00, as reimbursement for attorneys' fees and expenses. In exchange, Plaintiffs will release their FLSA and other wage-related claims against Defendant. Before the Court is the parties' Joint Motion to Approve Settlement (ECF No. 34).

Generally, the settlement of claims is a matter for the parties to decide on their own. In the context of FLSA claims, however, many courts have required judicial approval for settlement of "bona fide disputes over hours worked or wages owed." *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019) (citing cases). Part of the rationale behind this rule is that "the FLSA is a uniquely protective statute" designed "to prevent abuses by unscrupulous employers, and [to] remedy the disparate bargaining power between employers and employees." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015).

When deciding whether to approve such a settlement, the Court must consider whether "the settlement agreement represents a fair and reasonable compromise of the issues in dispute." *Tolliver v. JBS Plainwell, Inc.*, No. 1:11-cv-302, 2015 WL 11254741, at *1 (W.D. Mich. May 13, 2015) (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)). To determine whether a settlement is fair and reasonable, courts consider various factors, to the extent they are relevant, including the following:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement.

2

*Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015).

In addition, where the settlement agreement includes the payment of attorney's fees, some courts have held that a court should assess the reasonableness of that amount. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b) and cases finding that judicial review of the fee award is necessary). On the other hand, other courts have held that court approval of settled attorney's fees is not necessary. *See Barbee*, 927 F.3d at 1027 ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement.").

After examining the settlement agreement and the record, the Court finds that the settlement is fair and reasonable.

First, there is no evidence of fraud or collusion. And the Court notes that Plaintiff Harter is represented by experienced counsel.

Second, the claims are not complex, but there are multiple claimants, each with factually distinct claims. Defendant denies that Plaintiffs worked the claimed overtime or that Defendant had actual or constructive knowledge of any uncompensated time. If the claims were to proceed, the parties would likely have to engage in further discovery and litigate the facts of each instance of overtime work. Depending on the facts of each claim, there is a possibility that the Court would find that the class members are not similarly situated and would decertify the class. The Court agrees that settlement is a reasonable means for both sides to avoid uncertainty in the outcome of the case and the additional litigation costs associated with discovery and further proceedings.

Third, the reaction of absent class members is not relevant because the parties' settlement does not prevent other employees from bringing their own claims.  Only the individuals named in the settlement agreement have agreed to release their claims; the agreement does not preclude similar claims by other individuals.

Fourth, the public interest supports the recovery of the overtime pay to which Plaintiffs believe they are entitled, in addition to liquidated damages.

Finally, to the extent the Court's approval of the attorney's fees is required, the Court is satisfied that the attorney's fees and costs in this case are reasonable under the circumstances.

Accordingly,

**IT IS ORDERED** that the Joint Motion to Approve Settlement (ECF No. 34) is **GRANTED**.  The parties' settlement agreement is **APPROVED**.

A judgment will enter in accordance with this order.


Dated:   October 9, 2020                             /s/ HALA Y. JARBOU
                                                                         Hala Y. Jarbou
                                                                        United States District Judge